9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JESUS LEDESMA AGUILAR, | § | |
| MOVANT | § | |
| | § | |
| V. | § | |
| | § | CIVIL NO. B-01-195 |
| JANIE COCKRELL, DIRECTOR OF | § | |
| THE INSTITUTIONAL DIVISION OF | § | |
| THE TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, and | § | |
| ATTORNEY GENERAL OF THE | § | |
| STATE OF TEXAS | § | |
| ADDITIONAL RESPONDENT | § | |

**SUPPLEMENTAL POST-CONVICTION APPLICATION FOR WRIT OF HABEAS
CORPUS PURSUANT TO TEX. CODE CRIM. PROC. 11.071;
ADDENDUM TO FIRST AMENDED APPLICATION**

This Supplemental Post-Conviction Application For Writ of Habeas Corpus Pursuant to Tex. Code Crim. Proc. 11.071; Addendum to First Amended Application is brought on behalf of Applicant, Jesus Ledesma Aguilar, prisoner number #999191, formerly of Ellis Unit F-1-2, Huntsville, Texas 77343, now at Polunsky Unit, 12 AE 62, 3872 FM 350 South, Livingston, Texas 77351, by his attorney, David K. Sergi, 109 East Hopkins, Suite 200, San Marcos, Texas 78666.

This Supplemental Post-Conviction Application For Writ of Habeas Corpus incorporates all prior post-conviction applications for writ of habeas corpus filed in this matter by reference.

**SUPPLEMENT TO GROUNDS FOR RELIEF NO. 8**

State law required that the Court of Criminal Appeals appoint competent counsel to prepare and litigate Applicant's direct appeal. The State's direct appeal counsel was ineffective for failing to correctly brief the legal and factual sufficiency of the evidence claims arising from the trial on the

merits. Tex. R. App. Proc. Rule 24(d) requires that in criminal cases, factual and legal sufficiency points of error shall be briefed separately. Direct appeal counsel's error in combining the factual and legal sufficiency points of error violated the Court of Criminal Appeals' appellate rules. This violation resulted in Applicant's point of error for the sufficiency of the evidence being reviewed as a legal sufficiency argument only. The Court of Criminal Appeals, following Tex. Rule App. Proc. 74, declined to review the factual sufficiency argument because of the improper briefing by Applicant's direct appeal attorney.

The Fourteenth Amendment to the United States Constitution guarantees a criminal applicant, on direct appeal certain minimum safeguards necessary to make the appeal "adequate and effective." See *Griffin v. Illinois,* 351 U.S. 12, 20 (1956); *Evitts v. Lucey,* 469 U.S. 387, 392, 105 S. Ct. 830; 83 L. Ed. 2d 821 (1985). *Evitts* stated that when a state creates appellate court review before a conviction becomes final as "an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant," *Griffin v. Illinois,* 351 U.S. at 18, the state must also develop procedures for deciding those appeals following the demands of the due process and equal protection clauses of the Constitution. *Evitts,* 469 U.S. at 394. The Supreme Court in *Douglas, et al. v. California,* 372 U.S. 353; 85 S. Ct. 814; 9 L. Ed. 2d 811 (1983), explained better the principles of *Griffin* by holding that the right of direct appeal must be more than "meaningless ritual." 372 U.S. at 358. The Supreme Court in fact has reiterated numerous times that the states cannot satisfy the Fourteenth Amendment guarantee of due process by simply appointing counsel. *Avery v. Alabama,* 308 U.S. 444, 446 (1940); *Evitts,* 469 U.S. at 395. Appellate counsel must be of a caliber and provide assistance to give meaning to the appellate process in order for the direct appeal to be more than simply a rubberstamp of the trial courts. Appellate must be provided with effective assistance of counsel at that stage of

the proceeding. Appellate counsel, by failing to know and understand a long-standing and simple rule of appellate procedure—to brief factual and legal sufficiency of the evidence points of error separately—fell below the *Strickland* standard for effective assistance of counsel. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 379, 371 n.14, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970) quoted in *United States v. Chronic,* 466 U.S. 648, 654, 80 L. Ed. 2d 657, 104 S. Ct. 2039 (1984). The Supreme Court stated the standard for determining a claim of ineffectiveness and that standard is whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). *Strickland* applies to appellate counsel when the right of direct appeal is made a statutory part of the review of any criminal trial such as in a death penalty case. A two-prong test set out by the Supreme Court in *Strickland,* for determining the effectiveness of counsel's performance, a determination that counsel's performance was deficient or, in other words, that appellate counsel did not provide reasonably effective assistance under the prevailing standards for assistance of counsel. Secondly, the fact that counsel's performance actually had a prejudicial or harmful effect on defense. *United States v. Seysert,* 67 F.3d 544, 547 (5th Cir. 1995); *Anderson v. Collins,* 18 F.3d 1208, 1215 (5th Cir. 1994); *see also Strickland,* 466 U.S. at 686.

The Supreme Court held in *United States v. Chronic,* decided the same day as *Strickland,* that in some circumstances the likelihood of prejudice is so great from counsel's deficient performance that the court need not reach the second prong of *Strickland. United States v. Chronic,* 466 U.S. 648, 658, 80 L. Ed. 2d 657, 104 S. Ct. 2039 (1984). If counsel's performance falls, under the first prong of *Strickland,* as so deficient to find a Sixth Amendment violation of right to effective counsel, then

the second prong, prejudice, will inherently follow. *Burdine v. Johnson*, 66 F. Supp. 2d 854, 862 (S.D. Tex. 1999). The second prong of the *Strickland* standard, prejudice may be inherently found in specific types of attorney conduct establishing the claim "such circumstances exist if 'accused is denied counsel at a critical stage of his trial.'" *Martin v. McCotter*, 796 F.2d 813, 820 (5th Cir. 1986) quoting *Chronic*, 466 U.S. at 659); *Burdine*, 66 F. Supp. 2d at 862. "Denial of counsel can be either actual denial or constructive denial." *Burdine*, 66 F. Supp. 2d at 862; *see Childress v. Johnson*, 103 F.3d 1221, 1228 (5th Cir. 1997).

Applicant suffered a constructive denial of counsel when the state court appointed appellate counsel who did not know the simple and long-standing briefing rule set out in the Texas Rules of Appellate Procedure Rule 24 "Requisites of Brief." This structural error, the constructive denial of counsel, "so undermine[s] confidence in the fairness and reliability of the proceedings that prejudice is presumed." *Childress*, 103 F.3d at 1228 (citation omitted). ". . . counsel's incompetence can be so serious that it rises to the level of a constructive denial of counsel which can constitute constitutional error without any showing of prejudice." *Burdine*, 66 F. Supp. 2d at 862; *See Chronic*, 466 U.S. at 659-660, 104 S. Ct. at 2047; *Javor v. United States*, 724 F.2d 831, 834 (CA9 1984). Counsel on direct appeal's negligence in failing to know and follow a long-standing rule of appellate procedure is in effect the constructive denial of counsel. The state violated its own rules in failing to provide competent counsel on direct appeal in a death penalty case.

WHEREFORE, Movant prays that the Court grant him relief to which he may be entitled in this proceeding.

Respectfully submitted,

SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
Telephone: (512) 392-5010/Fax: (512) 392-5042

BY: _____
David K. Sergi
Attorney for Jesus Ledesma Aguilar
State Bar No. 18036000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was mailed on February 27, 2002 via first-class mail to:

Ms. Katherine Hayes
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin TX 78711

_____
DAVID K. SERGI