

United States District Court
Southern District of Texas
FILED

FEB 0 7 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

JESUS LEDESMA AGUILAR V. JANIE COCKRELL, DIRECTOR

CAUSE #B-01-195

****************

# REVISED BRIEF RE MOTION RE ATTORNEY'S FEES FOR SUBSEQUENT STATE WRIT FILED AFTER DISMISSAL OF FIRST FEDERAL MOTION TO VACATE WITHOUT PREJUDICE TO REFILE THE FEDERAL MOTION TO VACATE

****************

BY:

LARRY WARNER
COUNSEL FOR APPELLANT
777 EAST HARRISON
BROWNSVILLE, TEXAS  78520
PHONE (956)542-4784/FAX (956)544-5234
STATE BAR OF TX# 20871500
UNITED STATES DISTRICT COURT, S.D.TX 1230

1

Pursuant to FED.R.APP.P.26.1 and 5TH CIR.R.28.2.1, Appellant provides the following:

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualifications or recusal.

The Movant, Jesus Ledesma Aguilar filed a Motion to Vacate before the United States District Court for the Southern District of Texas, Brownsville Division.

Defendant is represented on the Motion by Mr. Warner, of Brownsville, Texas and by Mr. Sergi, of San Marcos, Texas. Counsel serve at the instance of the Court.

The Respondent, the State of Texas, represented by Katherine D. Hayes, Senior Assistant Attorney General, Capital Litigation Division, P.O. Box 12548, Austin, Tx. 78711

Respectfully submitted this February 5, 2003.

_____
Larry Warner
Counsel for Jesus Ledesma Aguilar, Movant
777 East Harrison. 2nd Floor
Brownsville, Texas  78520
Phone(956)542-4784 Fax (956)544-5234
State Bar of Texas #20871500
United States District Court, S.D.TX 1230

Pursuant to FED.R.APP.P. 26(a), Appellant provides:

## TABLE OF CONTENTS

**CASES** **PAGE**

IDENTITY OF PARTIES . . . . . . . . . . . . . . . . . . . . .

TABLE OF CONTENT . . . . . . . . . . . . . . . . . . . . .

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . .

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . .

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . .

Issue Number One . . . . . . . . . . . . . . . . . . . . . .

> Does the Court have jurisdiction to grant any attorney's
> fees for a subsequent state writ filed after dismissal of
> first federal Motion to Vacate without prejudice to
> refile the Federal Motion to Vacate?

Issue Number Two . . . . . . . . . . . . . . . . . . . . . .

> If the Court does have discretion to grant any fees for
> a subsequent state writ filed after dismissal of first
> federal Motion to Vacate without prejudice to refile the
> Federal Motion to Vacate, should it exercise that
> discretion in this case?

Issue Number Three . . . . . . . . . . . . . . . . . . . . .

> Is a refiled Motion to Vacate, refiled after having
> been dismissed without prejudice, the same lawsuit,
> so that the intervening state subsequent writ is
> an integral part of the federal proceeding?

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . .

APPELLANT PRESENTS ARGUMENT . . . . . . . . . . . . . . . . .

CONCLUSION STATING PRECISE RELIEF SOUGHT . . . . . . . . . . .

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . .

-3-

APPENDIX   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

Pursuant to FED.R.APP.P. 26(a)(1), Appellant provides:

## INDEX OF  AUTHORITIES

**CASES**                                                                 **PAGES**

**Arizona vs. Fulminante,**
    499 U.S. 279(1991) . . . . . . . . . . . . 12,13,17,18,19,23

**Barnard v. Collins,**
    13 F.3d 871(5th Cir.1994) . . . . . . . . . . . . . . 26

**Battle v. Armontrout, C.A.**
    8 (Mo.) 1990, 902 F.2d 701. . . . . . . . . . . . . 22

**Chamblin v. I.N.S., D.N.H.**
    2000, 176 F.Supp.2d 99. . . . . . . . . . . . . . . 23

**Harris v. Garner,**
    216 F.3d 970(11th Cir.2000) . . . . . . . . . 8,10,15,20

**Hinfin Realty Corp. v. Pittson Co.,**
    206 F.R.D.350, 357(E.D.N.Y.2002) . . . . . . . . . . 10,15

**Hoggard v. Purkett, C.A.**
    8 (Mo.) 1994, 29 F.3d 469. . . . . . . . . . . . . . 21

**LaClair v. U. S.,**
    374 F.2d 486 (7th Cir.1967) . . . . . . . . . . . 23

**Saldina v. Thornburgh, D.Conn.**
    1991, 775 F.Supp. 507. . . . . . . . . . . . . . . 24

**Smith v. Angelone** . . . . . . . . . . . . . . . . . 25

**Swazo v. Wyoming Dept** . . . . . . . . . . . . . . 21

**STATUTES**

18 U.S.C.3006A . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C.848q . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. 2254(b)(1)(B)(ii) . . . . . . . . . . . . . 12,17

Control Act of 1970, §§ 408(q)(4)(B), 21 U.S.C.A. §§ 848(q)(4)(B);
28 U.S.C.A. §§ 2254. . . . . . . . . . . . . . . . . .

## U.S CONSTITUTION

U.S.CONST.amend.V.;  U.S.CONST.amend.XIV  . . . . . . . . . .  23

Pursuant to Fed.R.App.P. 26(a)(2)

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The basis for the subject matter jurisdiction in the District Court, with citation to applicable statutory provisions and with reference to the relevant statutes to establish such jurisdiction is as follows:

The statute providing for appointment of counsel provides for compensation of counsel. 28 U.S.C.848q

The statute which specifically provides for compensation of counsel is 18 U.S.C.3006A.

Pursuant to FED.R.APP.P. 26(a)(3)

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

### Issue Number One

Does the Court have jurisdiction to grant any attorney's fees for subsequent state writ filed after dismissal of first federal Motion to Vacate without prejudice to refile the Federal Motion to Vacate?

### Issue Number Two

If the Court has discretion to grant any fees for subsequent state writ filed after dismissal of first federal Motion to Vacate without prejudice to refile the Federal Motion to Vacate, should it exercise that discretion in this case?

Issue Number Three

Is a refiled Motion to Vacate, refiled after having been dismissed without prejudice, the same lawsuit, so that the intervening state subsequent writ is an integral part of the federal proceeding?

> "Because the district court must dismiss a former prisoner's case without prejudice, the court will have to entertain the case a second time after essentially the same action is re-filed." **Harris v. Garner**, 216 F.3d 970(11th Cir.2000)

Pursuant to FED.R.APP.P. 26(a)(4)

## STATEMENT OF THE CASE

Succinctly, Ledesma Aguilar was indicted, tried, and convicted in state court for capital murder and sentenced to death. The Texas Court of Criminal Appeals affirmed the conviction and sentence of death. Aguilar filed an application for a state writ of habeas corpus. It was denied. The Court appointed Mr. Warner to file Motion to Vacate. He did. There was an evidentiary hearing. The Court permitted, without objection from the State of Texas, Aguilar to dismiss his Motion to Vacate without prejudice to refile. He pursued a subsequent state writ. It was denied. He reinstituted his federal Motion to Vacate.

Mr. Warner filed a Motion for payment. Part of the fees requested involve work done on the subsequent state writ. He noted that the state court had paid him $750 for the work on the subsequent state writ.

Pursuant to FED.R.APP.P. 26(a)(5)

## SUMMARY OF THE ARGUMENT

Issue Number One

All the work done on the subsequent state writ was done after counsel had first been appointed to represent Movant on a Motion to Vacate.  All  the work on the subsequent state writ was done to exhaust the claims in state court.  All the work on the subsequent state writ was done in preparation for re-filing the Motion to Vacate. The Court has jurisdiction to compensate counsel for work done in preparation for filing even though that work is done before formal appointment.

The Court should exercise its discretion in this case. Even in a doubtful case, when the death penalty has been imposed, the Court should err on the side of caution and appoint counsel.

"Because the district court must dismiss a former prisoner's case without prejudice, the court will have to entertain the case a second time after essentially the same action is re-filed." **Harris v. Garner**, 216 F.3d 970(11th Cir.2000)(Tjoflat & 3 JJ concurring and dissenting)  A suit refiled after having been dismissed without prejudice to refile is the same lawsuit. **Hinfin Realty Corp. v. Pittson Co.**, 206 F.R.D.350, 357(E.D.N.Y.2002)

Appellant presents a further summary of the argument.

The Court does have jurisdiction to grant attorney's fees for a subsequent state writ filed after dismissal of first federal

-10-

Motion to Vacate without prejudice to refile the Federal Motion to Vacate.

All the work done on the subsequent state writ was done after counsel had first been appointed to represent Movant on a Motion to Vacate. All the work on the subsequent state writ was done to exhaust the claims in state court. All the work on the subsequent state writ was done in preparation for re-filing the Motion to Vacate. The Court has jurisdiction to compensate counsel for work done in preparation for filing even though that work is done before formal appointment.

The determination of whether to appoint counsel to petitioner for writ of habeas corpus requires close examination and evaluation of factors such as likelihood of success on merits, complexity of legal issues raised by complaint, and ability of indigent petitioner to investigate and present case.

Movant has a real prospect of success. The Court of Criminal Appeals relied on the testimony of Albino Garcia to affirm Movant's death sentence. It noted that Garcia said that Movant had the weapon the night before the shootings and must have been responsible for both murders (meriting death) rather than just one murder (meriting life). It concluded that because he had the gun the night before he must have known that the other shooter was going to kill; so, Movant was responsible for both murders and thus liable to death. Albino Garcia never testified. The Court of

-11-

Criminal Appeals never read the record.  It affirmed a conviction and a death sentence without reading the record.  It was, writ large, the patently biased judge of **Arizona vs. Fulminante**, 499 U.S. 279(1991). If the United States Magistrate-Judge determines that the state proceedings did not afford due process, he may recommend appropriate relief. 28 U.S.C. 2254(b)(1)(B)(ii) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that-***(ii)circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B)(ii) A state appellate court that affirms a conviction and sentence of death without reading the record is patently "ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B)(ii)

Furthermore, before the Court of Criminal Appeals of Texas, the "adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1) It was unreasonable for the Court of Criminal Appeals of Texas to so apply **Arizona vs. Fulminante**, 499 U.S. 279(1991) to its own failure to read the record in Aguilar that the Court of Criminal Appeals of Texas determined that the Court of Criminal Appeals of Texas was not biased.

-12-

Additionally, the decision of the Court of Criminal Appeals of Texas "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. 2254(d)(2) The decision affirming the death sentence as well as the decision denying the subsequent state writ (which claimed that the Court of Criminal Appeals in a writ proceeding was too biased to judge whether it had been biased on the state appeal) was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. The "evidence" showed that the Court of Criminal Appeals never read the record before it affirmed Movant's conviction and death sentence; otherwise, it would never have based its opinion on the phantom "testimony" of a witness who never testified, Albino Garcia.  Without Garcia's testimony, it is unreasonable to conclude that the evidence showed that Aguilar was responsible for two murders (subject to the death penalty) rather than one murder(subject to a life sentence). There was no confession from either defendant. The co-defendant escaped. The eyewitness said Aguilar shot one person, not two.

The matter is complex. An unlettered movant cannot be taken to know of **Arizona vs. Fulminante**, 499 U.S. 279(1991), much less to know how to extend the principle of one patently biased judge as a deprivation of due process to an entire court.

The indigent petitioner has no ability at all to investigate

and present his case. He is on death row. Only his counsel could have and can represent him.

## Issue Number Two

If the Court does have discretion to grant any fees for a subsequent state writ filed after dismissal of first federal Motion to Vacate without prejudice to refile the Federal Motion to Vacate, should it exercise that discretion in this case?

The Court should exercise its discretion in this case. Even in a doubtful case, when the death penalty has been imposed, the Court should err on the side of caution and appoint counsel.

The proceedings before the United States District Court are one, not two. The Motion to Vacate and the reinstituted Motion to Vacate are two parts of the same proceeding. The work done on the subsequent state writ was part of that process. The work done on the state writ to present unexhausted state claims was part and parcel of the federal proceeding. When the Motion to Vacate was dismissed without prejudice to file it, counsel and the Court knew that Counsel was going to state court to exhaust claims. When he was in state court he was preparing and presenting the "Application" with one eye on refiling the Motion to Vacate in federal court again.

## Issue Number Three

Is a refiled Motion to Vacate, refiled after having been dismissed without prejudice, the same lawsuit, so that the

-14-

intervening state subsequent writ is an integral part of the federal proceeding?

> "Because the district court must dismiss a
> former prisoner's case without prejudice, the
> court will have to entertain the case a second
> time after essentially the same action is re-
> filed." **Harris v. Garner**, 216 F.3d 970(11th
> Cir.2000)

A suit refiled after having been dismissed without prejudice to refile is the same lawsuit. **Hinfin Realty Corp. v. Pittson Co.**, 206 F.R.D.350, 357(E.D.N.Y.2002)

Pursuant to FED.R.APP.P. 26(a)(6)

## APPELLANT PRESENTS ARGUMENT

The Court does have jurisdiction to grant attorney's fees for a subsequent state writ filed after dismissal of first federal Motion to Vacate without prejudice to refile the Federal Motion to Vacate.

All the work done on the subsequent state writ was done after counsel had first been appointed to represent Movant on a Motion to Vacate. All the work on the subsequent state writ was done to exhaust the claims in state court. All the work on the subsequent state writ was done in preparation for re-filing the Motion to Vacate. The Court has jurisdiction to compensate counsel for work done in preparation for filing even though that work is done before formal appointment.

The determination of whether to appoint counsel to petitioner for writ of habeas corpus requires close examination and evaluation of factors such as likelihood of success on merits, complexity of legal issues raised by complaint, and ability of indigent petitioner to investigate and present case.

Movant has a real prospect of success. The Court of Criminal Appeals relied on the testimony of Albino Garcia to affirm Movant's death sentence. It noted that Garcia said that Movant had the weapon the night before the shootings and must have been responsible for both murders (meriting death) rather than just one

-16-

murder (meriting life). It concluded that because he had the gun the night before he must have known that the other shooter was going to kill; so, Movant was responsible for both murders and thus liable to death. Albino Garcia never testified. The Court of Criminal Appeals never read the record. It affirmed a conviction and a death sentence without reading the record. It was, writ large, the patently biased judge of **Arizona vs. Fulminante**, 499 U.S. 279(1991). If the United States Magistrate-Judge determines that the state proceedings did not afford due process, he may recommend appropriate relief. 28 U.S.C. 2254(b)(1)(B)(ii) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that-***(ii)circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B)(ii) A state appellate court that affirms a conviction and sentence of death without reading the record is patently "ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B)(ii)

Furthermore, before the Court of Criminal Appeals of Texas, the "adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1) It was unreasonable for the Court of Criminal Appeals of Texas to so apply **Arizona vs.**

-17-

**Fulminante**, 499 U.S. 279(1991) to its own failure to read the record in Aguilar that the Court of Criminal Appeals of Texas determined that the Court of Criminal Appeals of Texas was not biased.

Additionally, the decision of the Court of Criminal Appeals of Texas "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. 2254(d)(2) The decision affirming the death sentence as well as the decision denying the subsequent state writ (which claimed that the Court of Criminal Appeals in a writ proceeding was too biased to judge whether it had been biased on the state appeal) was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. The "evidence" showed that the Court of Criminal Appeals never read the record before it affirmed Movant's conviction and death sentence; otherwise, it would never have based its opinion on the phantom "testimony" of a witness who never testified, Albino Garcia.    Without Garcia's testimony, it is unreasonable to conclude that the evidence showed that Aguilar was responsible for two murders (subject to the death penalty) rather than one murder(subject to a life sentence).    There was no confession from either defendant. The co-defendant escaped. The eyewitness said Aguilar shot one person, not two.

The matter is complex.   An unlettered movant cannot be taken

to know of **Arizona vs. Fulminante**, 499 U.S. 279(1991), much less to know how to extend the principle of one patently biased judge as a deprivation of due process to an entire court.

The indigent petitioner has no ability at all to investigate and present his case. He is on death row. Only his counsel could have and can represent him.

Issue Number Two

If the Court does have discretion to grant any fees for a subsequent state writ filed after dismissal of first federal Motion to Vacate without  prejudice to refile the Federal Motion to Vacate, should it exercise that discretion in this case?   T h e Court should exercise its discretion in this case. Even in a doubtful case, when the death penalty has been imposed, the Court should err on the side of caution and appoint counsel.

The proceedings before the United States District Court are one, not two. The Motion to Vacate and the reinstituted Motion to Vacate are two parts of the same proceeding.  The work done on the subsequent state writ was part of that process.  The work done on the state writ to present unexhausted state claims was part and parcel of the federal proceeding.  When the Motion to Vacate was dismissed without prejudice to file it, counsel and the Court knew that Counsel was going to state court to exhaust claims.  When he was in state court he was preparing and presenting the "Application" with one eye on refiling the Motion to Vacate in

federal court again.

Issue Number Three

Is a refiled Motion to Vacate, refiled after having been dismissed without prejudice, the same lawsuit, so that the intervening state subsequent writ is an integral part of the federal proceeding?

> "Because the district court must dismiss a former prisoner's case without prejudice, the court will have to entertain the case a second time after essentially the same action is re-filed." **Harris v. Garner**, 216 F.3d 970(11th Cir.2000)

Pursuant to FED.R.APP.P. 26(a)(6)

### APPELLANT PRESENTS ARGUMENT

A District court did not abuse its discretion in denying habeas corpus petitioner's motion for appointment of counsel; petition was not factually or legally complex, petitioner demonstrated that he understood issues and was capable of presenting claims, and petition could be decided on basis of state court record which indicated that petitioner had procedurally defaulted every claim stated in habeas petition. **Hoggard v. Purkett**, C.A.8 (Mo.) 1994, 29 F.3d 469.

In Aguilar, as noted, the issues were complex. Aguilar certainly is incapable of presenting a Fulminante claim. The evidence will show that he has no education sufficient to enable him to present a Motion to Vacate. Rather than the procedural default in Hoggard, in Aguilar counsel was necessary to exhaust state claims in state court as a necessary prerequisite to re-filing in federal court.

Appointment of counsel was mandatory in habeas corpus proceeding after district court determined that evidentiary hearing was required. **Swazo v. Wyoming** Dept. of Corrections State Penitentiary Warden, C.A.10 (Wyo.) 1994, 23 F.3d 332, on remand 932 F.Supp. 1350

In Aguilar the Court had determined to have an evidentiary hearing. At the evidentiary hearing, the Court determined to allow Movant, the State not objecting, to dismiss without prejudice to refile, so that Movant could apply for a subsequent state writ to

exhaust his unexhausted claims.

Interests of justice required appointment of counsel to advocate convicted murderer's position in habeas proceeding, in which 15 separate grounds for relief were claimed; petitioner had presented nonfrivolous claim, petitioner's ability to investigate was seriously impaired by his incarceration, factual and legal issues were sufficiently complex and numerous that appointment of counsel would benefit both petitioner and court by allowing counsel to develop petitioner's arguments and focus court's analysis, and case involved the death penalty. **Battle v. Armontrout, C.A.**8 (Mo.) 1990, 902 F.2d 701.

Aguilar complains that the Court of Criminal Appeals of Texas did not read the record in deciding his appeal and that it was so biased that the judges who decided the appeal should not have decided the subsequent state writ. He also complains that there is no evidence that he is responsible for *two* murders, so as to be liable to the death penalty. Those are not frivolous claims.

He is on death row. He cannot possibily investigate anything. Even Counsel has to make an appointment just to talk to him or to see him.

The issues, as noted above, are complex.

Counsel had to go to state court to develop petitioner's arguments and to focus this Court's analysis.

Aguilar has been sentenced to death.

Appointment of counsel for indigents in habeas corpus proceedings rests in the sound discretion of district courts unless

-22-

denial would result in fundamental unfairness impinging on due process rights. **LaClair v. U. S.,** 374 F.2d 486 (7th Cir.1967)

In order to present his unexhausted state claims on the reinstituted Motion to Vacate, Aguilar had first to present those very same claims in state court on the subsequent state writ. The United States Magistrate-Judge should determine that denying him counsel in the state system would result in fundamental unfairness impinging on due process rights. As noted below, counsel really means compensated counsel. Due process is implicated because without a lawyer to present those claims on the subsequent state writ in state court, Aguilar could not effectively present those same claims in federal court on the reinstituted Motion to Vacate.

Criminal Justice Act (CJA) authorized the appointment of counsel to represent Immigration and Naturalization Service (INS) detainee petitioning for writ of habeas corpus. **Chamblin v. I.N.S., D.N.H.**2000, 176 F.Supp.2d 99.

Aguilar has more claim upon the attention of the Court than Chamblin did. Chamblin was a mere civil detainee. Chamblin claimed that he was being deprived of his liberty without due process. U.S.CONST.amend.V. Aguilar claims that he is to be deprived of his life without due process. U.S.CONST.amend.V.; U.S.CONST.amend.XIV As noted, he says that the Court that decided his appeal and decided his state writ and his subsequent state writ was, writ large, the patently biased judge of **Arizona v. Fulminante**.499 U.S.279(1991) because the Court of Criminal Appeals of Texas affirmed his condemnation to death without reading the

record.

Chamblin was entitled to a lawyer to apply for habeas. The
Court should hold that the subsequent state writ was an integral
and indispensable part of the federal writ process. It should
compensate counsel for efforts in the subsequent state writ proceedings.

The Criminal Justice Act entitles any indigent person seeking
habeas corpus relief to representation by counsel when the interest
of justice so requires, and is not limited to those challenging
criminal convictions. **Saldina v. Thornburgh,** D.Conn.1991, 775
F.Supp. 507.

Aguilar is challenging a criminal conviction and a sentence of
death.

In Saldina, Cuban detainees filed petition for writ of habeas
corpus challenging their prolonged detention as excludable aliens.
On motion for reconsideration of order appointing counsel for
detainees, the District Court, Eginton, J., held that Cuban
detainees challenging legality of their prolonged custody as
excludable aliens were suffering from "loss of liberty" within
meaning of the Criminal Justice Act, and thus were entitled to
appointment of counsel in interest of justice so that they could
seek habeas corpus relief.

State habeas corpus counsel's failure to pursue petitioner's
federal constitutional claims did not violate petitioner's due
process rights; petitioner was not denied review of those claims,
which were fully reviewed on direct appeal, and, even if claims had
been pursued on state habeas corpus, they would almost certainly

-24-

have been barred due to their having been raised and rejected on direct appeal. U.S.C.A. Const.Amend. 14. **Smith v. Angelone**, 111 F.3d 1126(4th Cir. 1997)

Aguilar's case is different from **Smith v. Angelone**. In Smith, Smith's claims were indeed fully reviewed on appeal. That is not what happened in Aguilar. In Aguilar the Court of Criminal Appeals of Texas affirmed his conviction and condemnation to death without even reading the record. While the claims in **Smith v. Angelone** "would almost certainly have been barred due to their having been raised and rejected on direct appeal", that is not the case in Aguilar. It is not the case in Aguilar because the claim of a biased Court of Criminal Appeals on appeal could not have been raised on appeal, since the claims were not known until the appeal was over with. Those claims were presented on the subsequent state writ.

In state prisoner's second federal habeas corpus proceeding to vacate death sentence on ground that he was incompetent to be executed, district court erred in denying motion for appointment of counsel for abuse of writ on ground that question of prisoner's sanity was extant at time of his first federal habeas petition, where issue of prisoner's sanity was not urged at his murder trial or on direct appeal of his conviction in state court, abuse of writ was not raised at state level with respect to prisoner's claim of incompetency to be executed in his second state habeas petition, and district court's finding that prisoner could not show cause for failure to raise claim in earlier petition seemed premature in

-25-

absence of evidentiary hearing to determine when prisoner's counsel could have discovered that prisoner was incompetent to be executed. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 408(q)(4)(B), 21 U.S.C.A. §§ 848(q)(4)(B); 28 U.S.C.A. §§ 2254.

**Barnard v. Collins**, 13 F.3d 871(5th Cir.1994)

In Barnard the question was sanity.  It was perhaps extant at the first federal writ.  In Aguilar the question is the fairness of the state appellate and the subsequent state writ process.  Unlike Barnard, Aguilar could not have raised the issue, bias of the Court of Criminal Appeals on direct appeal,  until the appeal was over. As in Barnard, the United States District Court should compensate counsel in an extraordinary proceeding.  In Barnard it was a proceeding to determine abuse of the writ.  In Aguilar it is the subsequent state writ.

Inasmuch as petition for writ of habeas corpus filed before defendant was required to plead to charge was equivalent to motion pursuant to rules 12 and 48, Fed.Rules Crim.Proc., this title, and, had it been cast in that form, counsel appointed to represent accused, who was financially unable to obtain counsel, would have been entitled to compensation, court would look to substance of what was accomplished for defendant and, disregarding the form in which it was done, allow compensation pursuant to this section. Application of Hagler, D.C.Hawai'i 1965, 246 F.Supp. 716.

The Court should look at the "substance of what was

-26-

accomplished for defendant and, disregarding the form in which it was done, allow compensation pursuant to this section". Application of Hagler, D.C.Hawai'i 1965, 246 F.Supp. 716. What was accomplished for Aguilar was performance of a condition precedent to his presentation of claims to the United States District Court, this Court, on the reinstituted Motion to Vacate.  The condition precedent to filing the exhausted claims in federal Court on the reinstituted Motion to Vacate was that those very claims first be exhausted by presenting them to the state court on the subsequent state writ.

Pursuant to FED.R.APP.P. 26(a)(7)

## CONCLUSION AND REQUEST FOR RELIEF

The Court should grant relief.


Respectfully submitted,


Larry Warner
Counsel for Appellant
777 East Harrison
Brownsville, Texas  78520
Phone (956)542-4784
Fax   (956)544-5234
State Bar# 20871500

-28-

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS,

BROWNSVILLE    DIVISION


Jesus Ledesma Aguilar v. Janie Cockrell

CAUSE #B-01-195

# CERTIFICATE OF SERVICE

I, Larry Warner certify that I mailed a copy of **BRIEF RE MOTION RE ATTORNEY'S FEES FOR SUBSEQUENT STATE WRIT FILED AFTER DISMISSAL OF FIRST FEDERAL MOTION TO VACATE WITHOUT PREJUDICE TO REFILE THE FEDERAL MOTION TO VACATE**, the document to which this certificate is attached,  to Ms. Hayes on January 27, 2003 at her address noted in the Cerificate of Interested Persons.


I mailed it on this February 7, 2003.

LARRY WARNER
COUNSEL FOR APPELLANT
777 EAST HARRISON
BROWNSVILLE, TEXAS   78520
PHONE (956)542-4784
FAX    (956)544-5234
STATE BAR# 20871500; USDC,SDTX1230