IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE   DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 6 2003

Michael N. Milby
Clerk of Court

Jesus Ledesma-Aguilar v. Janie Cockrell in her capacity as
Director of the Texas Department of Criminal Justice, Institutional
Division

CAUSE #B-01-195

****************

Brief in Support of Magistrate-Judge's Report and
Recommendation

****************

BY:

LARRY WARNER
COUNSEL FOR MOVANT
777 EAST HARRISON
BROWNSVILLE, TEXAS   78520
PHONE (956)542-4784
FAX   (956)544-5234
STATE BAR# 20871500
U.S.D.C.,S.D.TX 1230

Pursuant to FED.R.APP.P.28.1 and 5TH CIR.R.28.2.1, Appellant provides the following:

## Certificate of Interested Persons

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualifications or recusal.

The Movant, Jesus Ledesma-Aguilar filed a Motion to Vacate before the United States District Court for the Southern District of Texas, Brownsville Division.

Defendant is represented on the Motion by Mr. Warner, of Brownsville, Texas and by Mr. Sergi, of San Marcos, Texas. Counsel serve at the instance of the Court. Mr. Warner's address is 777 East Harrison-2ND Floor; Brownsville, Texas 78520.

The Respondent, The State of Texas, represented by Katherine D. Hayes, Senior Assistant Attorney General, Capital Litigation Division, P.O. Box 12548, Austin, Tx. 78711.

Respectfully submitted this April 16, 2003,

_____
Larry Warner
Counsel for Jesus Ledesma-Aguilar, Movant
777 East Harrison. 2nd Floor
Brownsville, Texas 78520
Phone(956)542-4784 Fax (956)544-5234
State Bar# 20871500
U.S.D.C.,S.D.TX 1230

APPELLANT'S INITIAL BRIEF - 2

Pursuant to FED.R.APP.P. 28(a)(2), Appellant provides:

## TABLE OF CONTENTS

CASES                                                          PAGE

CERTIFICATE OF INTERSTED PERSONS........................... i

TABLE OF CONTENTS......................................... ii

TABLE OF AUTHORITIES...................................... iii

STATEMENT OF JURISDICTION................................. iv

ISSUE PRESENTED........................................... v

>    Should the District Court approve and adopt the Report
>    and Recommendation of the United States Magistrate-Judge
>    finding that the state trial court should have given
>    the jury an opportunity to find Movant guilty of a lesser-
>    included offense?  The Magistrate-Judge recommended a new
>    trial. **Beck v. Alabama**, 447 U.S.625(1980)

STATEMENT OF THE CASE.....................................

SUMMARY OF THE ARGUMENT...................................

CONCLUSION STATING PRECISE RELIEF SOUGHT..................

CERTIFICATE OF SERVICE....................................

CERTIFICATE OF COMPLIANCE ................................

Pursuant to FED.R.APP.P. 28(a)(3), Appellant provides:

## TABLE OF AUTHORITIES

**CASES**                                                          **PAGES**

**Beck v. Alabama,**
447 U.S.625(1980) . . . . . . . . . . . . . . . . . . . . . . . .

**Hicks v. Oklahoma,**
447 U.S.343,346(1980); . . . . . . . . . . . . . . . . . . . .

**Hill v. Black,**
920 F.2d 22249 (5th Cir. 1990) . . . . . . . . . . . . .

**Lockett v. Anderson,**
230 F.3d 695(5th Cir.2000) . . . . . . . . . . . . . . . . .

**Martinez v. Romero,**
626 F.2d807, 810(10th Cir.1980) . . . . . . . . . . . . .

**U.S. V. WHITE,**
973 F.2d 590 (5th Cir.1992) . . . . . . . . . . . . . . .

**Stevenson v. UNITED STATES,**
162 Y.S.313,314-315(1896):590(5th Cir.1992 . . . . . . . . . .

**CODES**
TEX.PEN.CODE §7.02(2) . . . . . . . . . . . . . . . . . .

TEX.PEN.CODE §12.31 . . . . . . . . . . . . . . . . . . .

TEX.PEN.CODE §12.32; . . . . . . . . . . . . . . . . . .

TEX.PEN.CODE §19.02(b)(1); . . . . . . . . . . . . . . .

TEX.PEN.CODE §19.03(a)(7); . . . . . . . . . . . . . . .

**RULES**
F.R.EVID.201(b) . . . . . . . . . . . . . . . . . . . . .

**SECTIONS**
§ 2254 . . . . . . . . . . . . . . . . . . . . . . . . . .

**U.S. Constitution**
28 U.S.C.2254 . . . . . . . . . . . . . . . . . . . . . .

APPELLANT'S INITIAL BRIEF - 4

Pursuant to Fed.R.App.P. 26(a)(2)

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

(i) The basis for the subject matter jurisdiction in the District Court, with citation to applicable statutory provisions and with reference to the relevant statutes to establish such jurisdiction is as follows:

> The statute providing for a Motion to Vacate (essentially an application for habeas corpus) attacking a state court judgment on federal constitutional grounds is 28 U.S.C.2254.

The statute provides:

§ 2254. State custody; remedies in Federal courts

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ

of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(f) If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant,

APPELLANT'S INITIAL BRIEF - 7

because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

**(g)** A copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding.

**(h)** Except as provided in § 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by § 3006A of title 18.

**(i)** The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under § 2254.

Pursuant to FED.R.APP.P. 26(a)(5), Movant provides a  Statement of Issues
Presented for Review

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Issue.......................................

    Should the District Court approve and adopt the Report

and Recommendation of the United States Magistrate-Judge

finding that the state trial court should have given

the jury an opportunity to find Movant guilty of a lesser-

included offense?  The Magistrate-Judge recommended a new

trial. **Beck v. Alabama,** 447 U.S.625(1980)

Pursuant to FED.R.APP.P. 26(a)(6), Movant presents a statement of the case briefly indicating the nature of the case, the course of proceedings, and the matter for disposition.

## STATEMENT OF THE CASE

### Nature of the case

The nature of the case is a Motion to Vacate a state conviction for capital murder and sentence of death. It is filed pursuant to 28 U.S.C.2254.

### The Course of Proceedings

Succinctly, Ledesma Aguilar was indicted, tried, and convicted in a Texas State court for capital murder and sentenced to death. The Court of Criminal Appeals of Texas affirmed the conviction and sentence of death. Aguilar filed an application for a state writ of habeas corpus. It was denied. The United States District Court for the Southern District of Texas, Brownsville Division, appointed Mr. Warner to file Motion to Vacate. He did. There was an evidentiary hearing. The Court permitted, without objection from the State of Texas, Aguilar to dismiss his Motion to Vacate without prejudice to refile. He pursued a subsequent state writ. It was denied. He reinstituted his federal Motion to Vacate.

The United States District Judge has referred the matter to the United States Magistrate Judge.

The United States Magistrate Judge has filed a Report and Recommendation finding constitutional error in the jury charge(for failing to allow the jury to find Movant guilty of a lesser included offense) and recommending a new trial.

### Matter for Disposition

The District Court must decide whether to adopt the Report and Recommendation of the Magistrate Judge.

Pursuant to FED.R.APP.P. 26(a)(7), Movant presents a statement of facts relevant to the issues submitted for review.

## Statement of Facts Relevant to the Issues

The United States Magistrate Judge has filed a Report and Recommendation finding constitutional error in the jury charge(for failing to allow the jury to find Movant guilty of a lesser included offense) and recommending a new trial. The District Court may take judicial notice of the Report and Recommendation. F.R.EVID.201(b)

The state trial court judge did not give the jury the option of finding Movant guilty of murder of one of the two persons shot. An eyewitness testified that Movant shot one of the people. The state depended on inference to make Movant responsible for the act of his co-defendant, Quiroz, in killing the other person. (Magistrate's Report and Recommendation) The District Court may take judicial notice of the Report and Recommendation. F.R.EVID.201(b)

Texas law only makes one responsible for the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX.PEN.CODE §7.02(2) It is a violation of federal due process for a state not to follow its own law on jury instructions. **Hicks v. Oklahoma**, 447 U.S.343,346(1980); **Martinez v. Romero**, 626 F.2d807, 810(10th Cir.1980)

Pursuant to FED.R.APP.P. 26(a)(8), Movant presents a

## SUMMARY OF THE ARGUMENT

The Movant was deprived of his right to a jury trial, that is to have the jury decide the facts, when the state trial judge did not give the jury the opportunity to find Movant guilty of the murder of one of the people shot but not responsible for the death of the person shot by the co-defendant, Quiroz.

An eyewitness said that Movant shot one of the two people shot. The witness said the co-defendant, Quiroz, then shot the other person. The state depended on inference to make Movant responsible for Quiroz' act in shooting the other person. TEX.PEN.CODE §7.02(2)

If Movant had been found guilty of murder (of one person) rather than capital murder (for killing two people in the same transaction), the maximum penalty would have been life, rather than the death sentence imposed.

Beck requires an instruction on the lesser included offense. The Magistrate Judge was correct in finding constitutional error in the jury instructions. The District Court should adopt the Report and Recommendations of the Magistrate Judge.

Pursuant to FED.R.APP.P. 26(a)(6) ˙

## APPELLANT PRESENTS ARGUMENT

The Movant was deprived of his right to a jury trial, that is to have the jury decide the facts, when the state trial judge did not give the jury the opportunity to find Movant guilty of the murder of one of the people shot but not responsible for the death of the person shot by the co-defendant, Quiroz.

An eyewitness said that Movant shot one of the two people shot. The witness said the co-defendant, Quiroz, then shot the other person.  The state depended on inference to make Movant responsible for Quiroz' act in shooting the other person.

If Movant had been found guilty of murder (of one person) rather than capital murder (for killing two people in the same transaction), the maximum penalty would have been life, rather than the death sentence imposed.  TEX.PEN.CODE §7.02(2); TEX.PEN.CODE §19.02(b)(1);TEX.PEN.CODE    §12.32;TEX.PEN.CODE §19.03(a)(7);TEX.PEN.CODE §12.31;

**Beck** requires an instruction on the lesser included offense. The Magistrate Judge was correct in finding constitutional error in the jury instructions.  The District Court should adopt the Report and Recommendations of the Magistrate Judge.

The District Court should adopt the determination of the United States Magistrate Judge that the state trial court should have instructed the jury that they might convict Movant of the lesser-included offense of murder, as required by **Beck v. Alabama,** 100 S.Ct. 2382(1980)  The District Court should adopt the recommendation of the Magistrate-Judge that a new trial be required, with instructions demanded by **Beck**.

The evidence supports such a determination.  An eyewitness says that Movant shot the second parent.  Murder of one person is a first degree felony under Texas law. TEX.PEN.CODE §19.02(b)(1) The maximum penalty for first degree murder under state law is life. TEX.PEN.CODE §12.32

The indictment charged that Movant was responsible for killing two people, not just one. Murder of two people in the same transaction is punishable by death under state law. TEX.PEN.CODE §19.03(a)(7);TEX.PEN.CODE §12.31

The state depended upon inference to make Movant responsible for the conduct of another, Quiroz, in killing the first parent. It argued that because Movant had driven Quiroz to the site of the

murders, had motive, and because Quiroz and Movant entered the house together, therefore Movant must have known that Quiroz intended to kill the first parent killed and further that Movant drove Quiroz to the site with the specific intent to aid Quiroz in killing the first parent.

The Magistrate Judge quite correctly noted that **Beck** had not been complied with because the jury was not told that they were free to believe the eyewitness who said that Movant shot the second parent, while rejecting the inference that Movant knew that Quiroz was going to kill the first parent and acted with intent to aid Quiroz in effecting the killing. Had the jury believed the eyewitness to the second murder but rejected the inference that Movant was responsible for the first, they could have found him guilty of first degree murder instead of capital murder. The maximum sentence would have been life, rather than the sentence that was imposed for killing two people, death.

The United States Court of Appeals for the Fifth Circuit did not reach the merits of the Beck claim proffered in **Lockett v. Anderson**, 230 F.3d 695(5th Cir.2000); Judge Jolly found the claim procedurally barred.

In **U.S.v. White**, ,972 F.2d 590(5th Cir.1992), a cocaine case, the Fifth Circuit found that an instruction on lesser included offenses was not required. It noted the rule, announce by the Supreme Court in Stevenson v. United States,162 U.S.313, 314-315(1896):

The Court held that a *judge's* opinion that the evidence against a defendant was not credible or otherwise had no probative value was irrelevant to determining whether a defendant was entitled to a lesser-included offense instruction on manslaughter. As the Court stated, weighing evidence is the exclusive province of the jury:

[A]s long as there is some evidence upon the subject [of manslaughter] the proper weight to be given it is for the jury to determine.... *The evidence might appear to the court to be simply overwhelming to show that the killing was in fact murder, and not manslaughter or an act performed in self-defense, and yet, so long as there was some evidence relevant to the act of manslaughter, the credibility and force of such evidence must be for the jury, and cannot be [a] matter of law for the decision of the court.*

## The Fifth Circuit noted how the rule applied to White:

Therefore, when a defendant seeks a lesser-included offense instruction, a judge must look at the evidence supporting the defendant's theory of the case, in the light most favorable to the defendant, and ask only whether the evidence proffered is minimally sufficient to support an acquittal on the greater offense and a conviction on the lesser-included offense. *Cf. Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (discussing similar approach in context of appellate review of constitutional sufficiency of the evidence to *605 support

a conviction). [FN4] Because Wilson undoubtedly presented *some* evidence upon which a jury could rationally acquit of conspiracy to possess with the intent to distribute and instead convict of conspiracy to possess, a lesser-included offense instruction should have been granted.

In order for a defendant in a capital trial to be constitutionally entitled to instruction on lesser included offense, he must show that rational juror, given all facts, could acquit him of capital murder and convict him of lesser included offense; this necessarily requires showing that facts of case and laws of state warrant such instruction. U.S.C.A. Const.Amends. 8, 14. **Hill v. Black**, 920 F.2d 249(5th Cir. 1990) citing **Cordova**, 838 F.2d at 767(5th Cir.1988)

Aguilar made such a showing and the Magistrate-Judge was correct in so finding. To prove Aguilar responsible for the act of Quiroz in killing the first parent, the state had to prove that Aguilar knew that Quiroz was going to kill that person and also had to prove that Aguilar did a specific act with intent to aid Quiroz in killing that person. TEX.PEN.CODE §7.02(2) The evidence relied on by the state was that the two arrived together and Aguilar's motive, bad feelings about the owner of the trailer where the shootings occurred.

A reasonable jury could have doubted whether Aguilar knew of Quiroz' intent to kill. There was no confession. There was no direct evidence, such as Aguilar's having said, "Kill him".

At the same time, a reasonable jury could have believed the eyewitness who said that Aguilar killed the second person in the shootings.

Had the jury only believed Aguilar responsible for the second shooting, he would merely be responsible for murder, not capital murder. TEX.PEN.CODE §7.02(2); TEX.PEN.CODE

§19.02(b)(1);TEX.PEN.CODE    §12.32;    TEX.PEN.CODE
§19.03(a)(7);TEX.PEN.CODE §12.31.


"The jury [in a capital case] must be permitted to consider a
verdict of guilt of a noncapital offense 'in every case' in
which 'the evidence would have supported such a verdict.' "
**Hopper v. Evans**, 456 U.S.605, 610(1982)


The United States Court of Appeals for the Fifth Circuit noted
that it had "consistently held that **Beck** 's holding applies when the
state trial court refuses a lesser included offense instruction".
**Cordova v. Lynaugh**, 838 F.2d 764(5th Cir.1988)citing **Reddix v.
Thigpen**, 807 F.2d 506, 511(5th Cir.1986)[1]

The United States Court of Appeals for the Fifth Circuit
observed that:

"A plain reading of **Beck** and **Hopper** inexorably leads to
the same conclusion. If due process is violated because a
jury cannot consider a lesser included offense that the
"evidence would have supported,"the source of that
refusal, whether by operation of state law or refusal by
the state trial court judge, is immaterial." **Cordova** at
767

The Magistrate Judge was correct in determining that the state
trial court judge should have instructed on the lesser included
offense of murder. The District Court should approve his report and
accept his recommendations.

The District Court should order a new trial.

---

[1][The double jeopardy implications of **Cordova** were
questioned by **Vanderbilt v. Collins**, 994 F.2d 189(5th Cir.1993);
**Vanderbilt** did not address the question of jury instructions.]

Pursuant to FED.R.APP.P. 26(a)(10) , Movant presents a

**Short Conclusion Stating the Precise Relief Sought**

The Magistrate Judge was correct in determining that the state trial court judge should have instructed the jury on the lesser included offense of murder. The District Court should approve his report and accept his recommendations.

The District Court should order the Respondent State to conduct a new trial.

Respectfully submitted,

Larry Warner
Attorney for **Jesus Ledesma Aguilar**
Movant
777 East Harrison
Brownsville, Texas 78520
(956) 542-4784 FAX (956) 544-5234
State Bar # 20871500
U.S.D.C., S.D.TX 1230

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE

VERSUS

,

DEFENDANT-APPELLANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE        DISTRICT OF TEXAS
DIVISION
## CAUSE #

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# CERTIFICATE OF SERVICE

I, Larry Warner certify that I mailed a copy of **APPELLANT'S INITIAL BRIEF**, the document to which this certificate is attached, to Ms. Hayes on April 16, 2003 at her address noted in the Cerificate of Interested Persons.

I mailed it on this April16, 2003

Larry Warner

APPELLANT'S INITIAL BRIEF - 20