United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

F I L E D
May 23, 2006

Charles R. Fulbruge III
Clerk

United States District Court
Southern District of Texas
FILED
MAY 3 0 2006
Michael N. Milby
Clerk of Court

No. 06-40831

B-01-cv-195

In Re: JESUS LEDESMA AGUILAR,

Movant.

Appeal from the United States District Court
For the Southern District of Texas

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Ledesma Aguilar (Aguilar), who is scheduled for execution on May 24, 2006, moves pursuant to 28 U.S.C. § 2244(b)(2) for authorization to file a successive petition for writ of habeas corpus.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), this court may authorize a second or successive habeas corpus application only "if it determines that the application makes a prima facie showing that the applicant satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). To

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obtain authorization to file a successive claim, Aguilar must make a prima facie showing that: (1) his claim has not previously been presented in a prior application to this court; (2) his claim relies on a decision of the Supreme Court that stated a new, retroactively applicable rule of constitutional law that was previously unavailable to him; and (3) that he qualifies for relief under the new rule. In re Hearn, 418 F.3d 444 (5th Cir. 2005).

Petitioner seeks relief based on the Supreme Court decision of Crawford v. Washington, 541 U.S. 36 (2004), in which the court held that the admission of the testimonial statement of an accomplice not called to testify at trial and thus, not subjected to cross-examination, violates the confrontation clause of the Sixth Amendment. Petitioner argues that the statement of his alleged accomplice, Chris Quiroz, was admitted in evidence against him in violation of Crawford. He also argues that the decision in Crawford was not available until after applicant's claims in his first federal habeas petition had been litigated. Petitioner recognizes that he is entitled to no relief unless the rule announced in Crawford is to be applied retroactively.

In Lave v. Dretke, 444 F.3d 333 (5th Cir. 2006), this court held that Crawford should not be given a retroactive application. Except for the 9th Circuit, all circuits which have considered this question agree with this position. See Mungo v. Duncan, 393 F.3d 327, 336 (2d Cir. 2004), cert. denied, Mungo v. Greene, 544 U.S.

1002(2005); Dorchy v. Jones, 398 F.3d 783, 788 (6th Cir. 2005); Murillo v. Frank, 402 F.3d 786, 790 (7th Cir. 2005); Bintz v. Bertrand, 403 F.3d 859, 867 (7th Cir. 2005), cert denied, 126 S.Ct. 174 (2005); Brown v. Uphoff, 381 F.3d 1219, 1227 (10th Cir. 2004), cert. denied, Brown v. Lampert, 543 U.S. 1079 (2005); Evans v. Luebbers, 371 F.3d 438, 444-45 (8th Cir. 2004).

In a divided opinion, the Ninth Circuit held in Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005), that the Crawford rule should apply on collateral review either because it represented binding precedent but was not a new rule (Judge Noonan) or it was a new rule under Teague v. Lane, 489 U.S. 288 (1989), but fell within one of Teague's exceptions (Judge McKeown). The dissenting panel member, Judge Wallace, took the position that Crawford did announce a "new rule" under Teague but that Bockting did not fall within one of the Teague exceptions and did not get the benefit of the Crawford rule.

The Supreme Court granted certiorari sub nom on May 15, 2006 in Whorton v. Bockting, 2006 WL 1310697, 74 USLW 33082005 (May 15, 2006). Petitioner relies on the Ninth Circuit's opinion in Bochting and the Supreme Court's subsequent grant of a writ of certiorari as support for his motion. Our precedent in Lave v. Dretke, holding that Crawford does not apply retroactively, however, remains binding on this panel until the Supreme Court provides contrary guidance. Ellis v. Collins, 956 F2d 76, 79 (5th

3

Cir. 1992); <u>Wicker v. McCotter</u>, 798 F.2d 155, 157-58 (5th Cir. 1986).

For the reasons stated above, Aguilar's motion for permission to file a successive petition for writ of habeas corpus is DENIED. Aguilar's motion for a stay of execution is also DENIED.

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By: Joseph Aunt
Deputy
New Orleans, Louisiana

## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

NOTICE: The clerk's office is moving permanently to 600 S. Maestri Place, New Orleans, LA 70130 in **June, 2006**. All correspondence expected to arrive at the court on or after **April 24, 2006** must be sent to this address.

May 23, 2006

Mr Michael N Milby, Clerk
Southern District of Texas, Brownsville
United States District Court
Room 1158
600 E Harrison Street
Brownsville, TX 78520

    No. 06-40831   In Re:  Aguilar
    USDC No.

Dear Mr Milby:

Enclosed is a certified copy of an opinion-order entered on May 23, 2006.  We have closed the case in this court.

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _____
    Joseph Armato, Deputy Clerk

Enclosure
cc:  Mr J Thomas Sullivan